[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On September 11, 1992, at approximately 3:52 p. m., the plaintiff Roger Frantz was operating a van which was proceeding in a westerly direction on Route 207 and had reached a point approximately seven-tenths of a mile west of its intersection with Smith Road in Lebanon, Connecticut. At said time the plaintiff William Grabek was a front seat passenger in said van, and the plaintiff Barbara Kelsey was a back seat passenger. The plaintiffs were employees of Electric Boat and were members of a van pool headed home from work. The defendant Robert Nowasad was operating a car owned by his father John Nowasad, and was heading in an easterly direction on said Route 207, coming home from school, when his vehicle crossed the double center line, colliding head-on with the van in which the plaintiffs were riding, causing injuries hereinafter described.
The impact between the vehicles occurred well into the plaintiffs' lane of travel. The weather was good, the road was dry, and there was no other traffic on this section of Route 207 at the time of the collision. The road was straight and level, and there were no obstructions to visibility for the defendant. The impact between the two vehicles was severe, as evidenced by the photographs depicting the damage. The passengers of the van had to be extricated from the vehicle by emergency personnel. CT Page 7656
While the defendants offered a defense of contributory negligence against plaintiff Frantz, the evidence and the physical facts clearly show that the defendant was negligent by crossing the double center line of the highway and was the sole cause of the accident. The impact was severe and the photographs show that the defendant's vehicle hit the plaintiff's van on the right front side, pushing the van at an angle, and causing the rear of the van to veer left so as to protrude slightly over the center side.
The deposition of the defendant Robert Nowasad made no claim of fault on the part of the plaintiff Frantz.
All three of the plaintiffs were severely injured.
 Plaintiff Roger Frantz Case No. 524991
The plaintiff Roger Frantz was transported by ambulance to Windham Hospital and then by helicopter to St. Francis Hospital where he received emergency care and treatment and was thereafter confined.
Subsequent physical examinations and diagnostic studies revealed that he had sustained and suffered a bilateral neck fracture at C4-C5; fracture subluxation; fracture of the spinous process of C4 and C5; fracture of the lamina of C2 and C5 with spinal cord compression, necessitating immediate surgery, placement and immobilization of his neck in a head halter; dislocation of his cervical spine; cervical disc displacement; numbness and tingling of his arms and legs; multiple abrasions and contusions; extensive impairment of both his upper and lower extremities as a result of cord compression; pain and anguish and a shock to his entire nervous system. As a further result of said injuries, the plaintiff Roger Frantz was forced to undergo additional surgery in the form of an anterior cervical discectomy and fusion for a ruptured disc and subsequent cord compression at C4-5. His medical expenses to date total $166,389.82.
The plaintiff Roger Frantz was employed as an outside machinist at General Dynamics, Electric Boat Division located in Groton, Connecticut. He wa absent from employment from September 11, 1992 to June 10, 1994, a total of ninety-one weeks, resulting in a wage loss of $64,230.53. CT Page 7657
Plaintiff Roger Frantz continues to suffer from stiffness of the left shoulder and general weakness in all extremities. He continues to require physical rehabilitation to achieve lower and upper extremity strength, balance and coordination. This plaintiff also has a 25% permanent partial disability of his hands. He can no longer perform the work of an outside machinist.
The plaintiff Roger Frantz is presently 57 years of age with a life expectancy of 21 years.
Wherefore, judgment may enter for the plaintiff Roger Frantz to recover from the defendants Robert Nowasad and John Nowasad the sum of one million three hundred thousand dollars ($1,300,000).
 Plaintiff William Grabek Case No. 527155
At the time of the accident, the plaintiff William Grabek was employed as a pipe welder earning an average weekly wage of $605.92. The plaintiff's employment responsibilities were of a physical nature requiring the ability to climb ladders and stairs, crawl into small spaces, such as hatch holes, and walking or being on his feet for extended periods of time. He was released by his physician, Gerard Lawrence, M.D., to perform light duty work at Electric Boat on June 3, 1993, but no light work was available. He has been out of work from September 11, 1992 to the present time, and has been forced to return to school to learn a new skill, as he cannot physically return to his previous line of employment. He has completed a course of instruction in drafting at Porter and Chester Institute located in Wethersfield, Connecticut. His wage loss amounts to $90,282.08.
Plaintiff Grabek sustained a comminuted fracture of the posterior wall of the acetabulum of the right hip; a fracture of rib number 10; an injury to his right long finger; an injury to the medial meniscus of the right knee; lacerations about the face and scalp and tenderness of the chest and ribs.
Plaintiff Grabek has a 15% permanent partial disability of his right hip. This plaintiff is presently 44 years of age with a life expectancy of 32 years. CT Page 7658
Wherefore, judgment may enter for this plaintiff William Grabek to recover from the defendants Robert Nowasad and John Nowasad the sum of six hundred and fifty thousand dollars ($650,000).
 Plaintiff Barbara Kelsey Case No. 528123
The plaintiff Kelsey sustained a displaced transverse comminuted fracture of the junction of the middle and distal third of the right tibia and fibula with chronic difficulty secondary to that fracture as well as trauma to the peroneal nerve.
Initial surgery involved an intramedullary rodding of the fracture.
The plaintiff underwent three (3) subsequent surgical procedures for her right lower extremity including a fibular osteotomy, a bone grafting of the tibia and a peroneal nerve decompression. She has permanent deep scarring in the leg. Prior to the accident of September 11, 1992, the plaintiff never sustained any injury to her right lower extremity not did she have any problem with her right lower extremity.
At the present time, this plaintiff experiences a residual constant burning sensation, numbness and tingling in the right foot and ankle. She also experiences discomfort of the right mid-lower leg and knee upon walking. She also experiences discomfort at night.
Except for a short period of time following her accident, the plaintiff has not been able to pursue gainful employment from September 11, 1992, until the present time, due to the injury to her right lower extremity and the disability resulting thereof.
On May 2, 1995, the plaintiff was examined for an Independent Medical Evaluation by Peter R. Barnett, M.D., an orthopedic specialist of Orthopedic Associates of Hartford, P.C. at the request of the plaintiff's employer, the General Dynamics Company. Insofar as future employment is concerned, it was Doctor Barnett's opinion that "activities which require prolonged standing, walking or stressful impact loading on the right lower extremity should be avoided. The patient should also avoid prolonged uninterrupted periods of sitting . . . sedentary work CT Page 7659 with intermitent periods of standing and walking."
It was Dr. Barnett's opinion that the plaintiff has sustained a 20% permanent partial functional disability of her right lower extremity as a result of her accident of September 11, 1992.
It was Dr. Barnett's opinion that the plaintiff has sustained a 20% permanent partial functional disability of her right lower extremity as a result of her accident of September 11, 1992.
In his written report of January 10, 1995, the plaintiff's treating orthopedic physician, Gerard J. Lawrence, M.D., has estimated that the plaintiff has sustained a 20% permanent partial functional disability of her right lower extremity as a result of her accident of September 11, 1992. It is Dr. Lawrence's opinion that the plaintiff has also sustained permanent neurological disability involving nerve neuropraxia and long-term neuropathy.
The plaintiff is 59 years of age at the present time and her life expectancy is 23.4 years.
The plaintiff's total medical expenses due to her accident of September 11, 1992 to date amount to $59,973.06.
The plaintiff's total lost earnings due to the accident to date amount to $88,587.89.
The plaintiff's lost wages due to the accident projected to retirement age of 65 are in the amount of $185,998.80. (Six years times $30,999.80 — annual salary).
Wherefore, judgment may enter for the plaintiff Barbara Kelsey to recover from the defendants Robert Nowasad and John Nowasad, the sum of seven hundred and fifty thousand dollars ($750,000).
Wright State Trial Referee